Petrus, Appellant, vs. Pierick and others (Interpleaded Garnishee Defendants), Respondents.
Salzmann, Appellant, vs. Pierick and others (Interpleaded Garnishee Defendants), Respondents.   [Two cases.]

*April 30—June 4, 1929.*

148

*J. Charles Pile* of Dodgeville, for the appellants.

For the respondents the cause was submitted on the brief of *James E. O'Neill* of Dodgeville.

ROSENBERRY, C. J.   It is considered upon the record in this case that the findings of the trial court that the assignments made by William and Joseph Flynn were not made for the purpose of hindering, delaying, or defrauding their creditors is supported by abundant evidence.   It appears that there is not sufficient evidence to support any other finding, and the court was quite clearly right in arriving at the conclusion that it did.

It is urged also on behalf of the plaintiffs bringing the garnishment actions that a debtor has no right to split by assignment the funds due him from his debtor, and that for that reason the assignments are void.   The rule sought to be invoked by the plaintiffs is that by the great weight of authority an order drawn on a debtor for a part of the fund in his hands does not operate as an equitable assignment as against the debtor unless and until it has been accepted by him.   *Thiel v. John Week L. Co.* 137 Wis. 272, 118 N. W. 802.   Here the debtor, the administratrix with the will annexed of the estate of Ann Flynn, made no objection; on the contrary, at least impliedly accepted the assignments. No authority is cited nor do we find any holding that a third party may invoke this rule and require the debtor to refuse acceptance   The assignments were valid.

We must again direct attention to the findings of fact in this case. They do not comply with the rule. Trial courts should not in making findings incorporate therein arguments, citations of authority, and other extraneous matters. We have repeatedly called attention to these violations of what is a very plain, simple requirement. We are glad to have the opinion of the court, but it should not be incorporated in the findings. We hope this practice will not be continued to a point where it will be necessary for us to return the records for correction. In this case it is not difficult to separate the findings from the brief and argument. In some cases they are so confused as to make it extremely difficult to tell what constitutes the findings and what constitutes mere statements by way of argument.

While the cases were heard together they were in fact separate, suitable judgments and orders were entered, and the mandate in each case will be—

*By the Court.*—That part of the judgment appealed from is affirmed.